From: The District Court of the Fourth Judicial District. County of Missoula.

STATE OF MONTANA, Plaintiff, vs. JERRY McGIVERN, Defendant.

NO. 3418

DECISION

The application of the above-named defendant for a review of the sentence of fifty years for rape, imposed on September 12th, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This sentence appears proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, especially when it is considered that the presumption is that the sentencing judge was correct in his determination; that the rape was accomplished by force and violence in the presence of the victim's 17 year old daughter who was also molested, although not raped; that the crime is punishable by imprisonment up to 99 years; that the defendant was on parole from a previous conviction for rape when he committed the rape under consideration; that if charged with the previous conviction defendant could have received a life sentence or a sentence for any number of years without limit.

As to whether or not the defendant should now be transferred to the State Hospital for psychiatric treatment is beyond the power of this Court to consider. Its power is limited to, "* * * review the judgment so far as it relates to the sentence imposed * * *". Section 95-2503, R.C.M. 1947.

We thank Richard Volinkaty, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.

From: The District Court of the Thirteenth Judicial District. County of Yellowstone.

STATE OF MONTANA, Plaintiff, vs. JEAN P. DOYAN, Defendant.

NO. 7353

DECISION

The application of the above-named defendant for a review of the sentence of five years for robbery, imposed on August 31, 1967, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This sentence appears proper, reasonable, and quite lenient, the crime, the individual, and the sentencing goals kept in mind, especially when it is considered the presumption is that the sentencing judge was correct in his determination, that the crime is one of violence punishable by possible imprisonment for life or years without limit, and defendant did receive a parole in August, 1968, which he violated in March, 1969.

We thank Pat Sherlock, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.